UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTONIO DOYLE, Petitioner, vs. The Eighth Judicial District Court of the State of Nevada in and for the County of Clark, *et al.*, Respondents. | 3:12-cv-0543-LRH-VPC **ORDER** |

On October 5, 2012, Antonio Doyle, a prisoner on Nevada's death row, initiated this action by filing, pro se, a document entitled "Petitioner's Appeal of Denial of Writ of Mandamus" ("petition."). Doyle has not paid a filing fee for the action.

In his petition, Doyle indicates that he has a petition for writ of habeas corpus pending in a state district court, in Nevada's Eighth Judicial District, and he complains about the amount of time that it has taken for that court to rule upon that petition. *See* Petition, pp. 2-5. According to Doyle, he has twice filed, in the Nevada Supreme Court, petitions for writ of mandamus, seeking to compel the state district court to issue a ruling in his state habeas action. *Id*. This filing by Doyle, in federal court, is apparently an attempt by Doyle to appeal from the Nevada Supreme Court's denial of his latest petition for writ of mandamus. *Id*. at 4-5. At the conclusion of his petition, Doyle requests relief from this court as follows:

///

> Wherefore, all of the above stated reasons, Petitioner respectfully moves this Court for an Order directing the District Court Judge Togliatti to render a decision within 30 days of the Order or reassign my case back to Dept. 18 where it was originally reassigned before being recalled by her.

*Id*. at 5 (as in original).

This federal district court, of course, does not have appellate jurisdiction over the Nevada Supreme Court. As an attempt to appeal from a ruling from the Nevada Supreme Court, Doyle's petition is frivolous.

The court treats Doyle's filing as a petition for writ of habeas corpus, under 28 U.S.C. §2254, by a person in state custody, which, in the court's view, it most resembles. Nevertheless, treated as such, Doyle's petition is subject to summary dismissal under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Under Rule 4: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir.1990).

The court takes notice that Doyle already has pending, in this court, a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, in Case Number 3:00-cv-0101-RCJ-WGC. That action is stayed, pending the completion of Doyle's state-court habeas action. In Case Number 3:00-cv-0101-RCJ-WGC, Doyle is represented by counsel. Any claims regarding alleged illegality of Doyle's imprisonment, under 28 U.S.C. §2254, must be made in Case Number 3:00-cv-0101-RCJ-WGC, and, because Doyle is represented in that case by counsel, any such claims must be asserted by Doyle's counsel, not by Doyle pro se. *See* LR IA 10-6 ("A party who has appeared by attorney cannot while so represented appear or act in the case.").

Furthermore, federal habeas corpus relief is available "only on the ground that [the petitioner] is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. §2254. Doyle does not allege in his petition any federal law violation.

Moreover, even if Doyle did assert a violation of federal law in his petition, it is well-established that

2

federal habeas relief is not available to redress errors in state post-conviction proceedings. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir.1989) (per curiam) ("a petition alleging errors in the state post-conviction review process is not addressable through [federal] habeas corpus proceedings"); *see also Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir.1998) (federal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings"); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir.1997) (errors committed during state post-conviction proceedings are not cognizable in a federal habeas action); *Villafuerte v. Stewart*, 111 F.3d 616, 632 n. 7 (9th Cir.1997) (claim that petitioner "was denied due process in his state habeas corpus proceedings" was not cognizable on federal habeas review).

It plainly appears that Doyle is not entitled to relief in this court on the petition that he has filed in this case.  Therefore, this case will be summarily dismissed pursuant to Rule 4.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Clerk shall notify the petitioner of the dismissal of this action, by sending him a copy of this order and the resulting judgment.

Dated this 22nd day of October, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE